IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR MONTES PENA, individually and on behalf of other similarly situated employees | ) ) ) | |
| Plaintiff, | ) ) | No. 1:17-cv-06827 |
| v. | ) ) | Hon. Ronald A. Guzman |
| JOY AND JOHN, INC. dba Joy's Noodle & Rice and JOHN NIVASNANDA, individually | ) ) ) ) | |
| Defendants. | | |

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE**

NOW COMES Plaintiff, Oscar Montes Pena ("Plaintiff"), by and through his attorneys, and Defendants, Joy and John, Inc. dba Joy's Noodle & Rice and John Nivasnanda (collectively, "Defendants"), by and through their attorneys, and move the Court for an order approving the settlement reached between the parties and dismissing this action with prejudice. In support of their Joint Motion to Approve Settlement and Dismiss Case, the parties state as follows:

1. Plaintiff filed this action alleging that Defendants failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL").

2. As shown below, the settlement was a result of an arm's length negotiation of a bona fide dispute conducted by counsel for the parties.

3. The parties will submit a copy of their settlement agreement to the Court for *in camera* review concurrently with the filing of this motion.

4. Since the settlement reached between the parties involves a settlement of claims related to the FLSA, the settlement requires Court approval. *See O'Brien v. Encotech Const.*

*Services, Inc.*, 183 F.Supp.2d 1047, 1049 (N.D. Ill. 2002) (settlement and release reached without court involvement invalid); *see also Ladegaard v. Hard Rock Concrete Cutters, Inc.,* No. 00 C 5755, 2001 WL 1403007, *6 ((N.D. Ill. Nov. 7, 2001) (same)).

5. "Normally, a settlement is approved where it is the result of contentious arms-length negotiations, which were undertaken in good faith by counsel … and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of relief after protracted and expensive litigation." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quoting *Missiewicz v. D'Onofrio Gen. Contractors*, 2010 WL 2545439 (E.D.N.Y. May 17, 2010) (internal citations omitted)).

6. The bona fide dispute among the parties was whether the Plaintiff was paid overtime under the provisions of the FLSA. Plaintiff was employed as a cook. Plaintiff claims that he worked in excess of forty hours per week at restaurants owned and operated by Defendants without proper overtime compensation. Defendants allege that Plaintiff has been paid for all regular and overtime hours and assert that Plaintiff's overtime calculations are erroneous. The parties disagree as to whether Defendants violated the FLSA by not paying overtime wages.

7. Here, the settlement reached between the parties reflects a fair and reasonable compromise of their dispute.

8. The settlement reached between the parties was reached after in-depth discussions regarding the merits of the parties' positions by experienced counsel.

9. As shown above, there were serious questions of law and fact that put the outcome of the litigation in doubt. For example, if Defendants were successful in establishing that Plaintiff was paid in full for all regular and overtime hours actually worked, he risks receiving no relief and could potentially pay Defendants' costs in the litigation. Conversely, had Plaintiff been successful

in proving that he did indeed work additional overtime hours and was not paid for the same, he would have received wages and penalties for those alleged violations.

10. The executed fee arrangements between Plaintiff and his counsel entitled Plaintiff's counsel to forty percent (40%) of any recovery plus costs. The Plaintiff in this case could not have afforded to retain counsel on any basis other than a contingent fee basis, and Plaintiff's counsel would not accept a similar case on any basis other than a contingency fee basis. Plaintiff's counsel would receive nothing if they ultimately failed to secure a monetary recovery for Plaintiff.

11. As this settlement is not a class settlement, there is no concern regarding the rights of absent class members.

12. The settlement agreed to by the parties is fair, adequate, and reasonable in light of the risks and expenses of further litigation.

WHEREFORE, Plaintiff and Defendants respectfully request that this Honorable Court enter an order approving the settlement reached between the parties and in the manner set forth in the attached stipulation of dismissal.

Respectfully submitted,

By: *s/ Leslie E. Riekenberg*     By: *s/ Valentin T. Narvaez*

| | |
|---|---|
| Leslie E. Riekenberg | Valentin T. Narvaez |
| E-mail: leslie@fklawfirm.com | E-mail: vnarvaez@yourclg.com |
| | |
| Attorneys for Defendants | Attorneys for Plaintiff |
| Leslie E. Riekenberg | Valentin T. Narvaez |
| Fuksa Khorshid, LLC | Bryan Pacheco |
| 70 W. Erie St., 2nd Floor | Consumer Law Group, LLC |
| Chicago, IL 60654 | 6232 N. Pulaski Rd., Suite 200 |
| Phone: (312) 266-2221 | Chicago, IL 60646 |
| Fax: (312) 266-2224 | Phone: (312) 878-1302 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 5th day of February 2018, I electronically filed the above and foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.


/s/ Valentin T. Narvaez
Valentin T. Narvaez
*Attorney for Plaintiff*